## POPE v. LITWIN.
### No. 1332.

Court of Civil Appeals of Texas. Waco.

Feb. 2, 1933.

Rehearing Denied March 9, 1933.

H. S. Bonham and H. A. Carr, both of Corpus Christi, for appellant.

VanderHoven & Greathouse and H. M. Zuercher, all of San Antonio, for appellee.

ALEXANDER, Justice.

This appeal involves the correctness of the ruling of the trial court in overruling a plea of privilege filed by the defendant W. E. Pope. The suit was filed in the district court on November 10, 1931, by Ben Litwin against Webster Witter and W. E. Pope to recover on two promissory notes signed by the defendant and payable to plaintiff at San Antonio, which is in Bexar county, Tex. Both defendants were duly served with citation. On December 7, 1931, W. E. Pope duly filed his plea of privilege to be sued in Nueces county, the county of his residence. On December 9, 1931, an interlocutory judgment by default was entered against the defendant Webster Witter, and on the same day the plaintiff filed his controverting affidavit, as provided by law, to the plea of privilege filed by Pope, and had the trial judge indorse thereon his notation that the hearing on the plea of privilege was set for "Monday, December 28th at 10 o'clock A. M." On February 22, 1932, the defendant Pope filed a general demurrer and certain special exceptions to the controverting affidavit filed by the plaintiff,' and further alleged, among other things, that he was surety on the note sued on, and that the plaintiff by failing to file suit on the notes at the first term of court after they matured, had discharged said defendant as surety on said notes. On the

same day, after a hearing on the facts, the defendant Pope's plea of privilege was overruled, and he duly perfected an appeal.

The appellant Pope contends, under his first proposition, that, since the undisputed evidence shows that he was surety on the notes sued on, and that the suit was not filed at the first term of court after said notes matured, he was discharged from all liability thereon. This assignment is not well taken. A surety is not discharged of liability upon the mere failure of the holder of a note to bring suit thereon at the first term of court after the note matures, unless he, in writing, requests such holder to so bring suit. Revised Statutes, art. 6245. While the burden is on a plaintiff to allege in his controverting affidavit and to prove upon the trial of the plea of privilege all of the essential elements of his cause of action, he is not required to anticipate defenses that may have arisen after his cause of action accrued. The statute requires an affirmative act on the part of the surety in order to defeat his liability, and it is not necessary for the plaintiff to either allege or prove the absence of such statutory request in order to fix liability in the first instance. If the surety desired to avail himself of such defense, the duty rested on him to both allege and prove that he made the statutory request and that it was not complied with. There was neither allegation nor proof that the statutory request was made. This assignment is overruled.

The appellant further contends that, since the order of the court, made on the controverting affidavit fixing the date on which the hearing was to be had on the plea of privilege, did not give the year in which such hearing was to be had, the court was without jurisdiction to enter an order overruling the plea of privilege. As before stated, the judge's notation on the controverting affidavit fixed the date for the hearing thereon as "Monday December 28th at 10 o'clock A. M." This order was entered December 9, 1931. Copy of the controverting affidavit with the above notation thereon was duly served on the defendant Pope. For some reason the case was not tried on December 28th, and thereafter, after some correspondence between the attorneys, counsel for appellant on January 27, 1932, wrote appellee's counsel stating that it was impossible for him to try the case on January 28, 1932, and agreed that the plea might be heard during the week beginning February 22, 1932. He requested that an order be entered continuing the hearing on the plea of privilege without prejudice to the defendant's rights. On January 28, 1932, the court entered an order of continuance in which it was recited that the order was entered on the motion of the defendant Pope. Thereafter, on February 22, 1932, the hearing was had on the plea of privilege, and the defendant Pope appeared in person and testified in the case, and sought to have the plea of privilege sustained. Even though the order of the court fixing the date for the hearing on the plea of privilege was defective, we think the defendant Pope waived any defect therein by having the case continued to the next term of court and agreeing that the hearing should be had on February 22, 1932, and by appearing and participating in the trial of the case. Duvall v. Boyer (Tex. Civ. App.) 35 S.W.(2d) 181, par. 4; Hewitt v. De Leon (Tex. Civ. App.) 293 S. W. 301, par. 3.

The appellant's next contention is that the court was without authority to pass on the plea of privilege and to overrule same because a copy of plaintiff's controverting affidavit with the judge's notation thereon was not served on his codefendant Witter. Revised Statutes, article 2008, does provide that such hearing on the plea of privilege shall not be had until a copy of the controverting affidavit with the judge's notation thereon has been served on each defendant. Scruggs v. Gribble (Tex. Civ. App.) 41 S.W.(2d) 643. We are of the opinion, however, that such provision refers to the defendants only who have filed pleas of privilege, and that a defendant who has been duly served with such notice or who has entered his appearance for a hearing on the plea of privilege cannot complain for the lack of such service on his codefendant. We do not see how the appellant, Pope, has been injured by the failure to serve Witter with a copy of the controverting affidavit. Pope alone filed the plea of privilege. He entered his appearance for the purpose of a hearing, and had full knowledge that the plaintiff was controverting his plea of privilege. None of his rights has been cut off by the failure to notify Witter. It would not have aided his purpose in the least nor benefited him in any manner to have had Witter notified.

It would be more reasonable to assume that the defendant Witter has a right to complain of the lack of such service. However, he has not only failed to complain, but could not show injury should he choose to do so. He made default, and thereby signified his willingness to have the suit tried in Bexar County.

The judgment of the trial court is affirmed.