GABLE v. CHICAGO, M., ST. P. & P. R.
CO. et al.

No. 162.

District Court, W. D. Missouri, W. D.

Dec. 5, 1934.

Mosman, Rogers & Buzard, of Kansas City, Mo., for plaintiff.

Morrison, Nugent, Wylder & Berger, of Kansas City, Mo., for defendants.

OTIS, District Judge.

On a former occasion this case was removed here on the petition of the defendant railroad company and was remanded to the state court on plaintiff's motion. After it was remanded, two events occurred. The plaintiff entered into a covenant with the defendant Kent that she would not further prosecute against him the cause of action stated in her petition in this case, and she dismissed with prejudice a case against him pending in an Iowa state court involving the same cause of action. The defendant railroad company, having discovered that the plaintiff had entered into the covenant referred to and had dismissed with prejudice the same cause of action in Iowa, again petitioned the state court for removal. Removal was granted. Plaintiff again moves to remand.

None of the usual grounds for removal is present. The defendant Kent and plaintiff are residents of the same state. The controversies with the defendants are not separable. There was no fraudulent joinder of the defendant Kent and the defendant railroad company to prevent removal. But it is contended by learned counsel for the railroad company that, to prevent removal, there has been a fraudulent "retention" in the case of defendant Kent and that, therefore, removal was proper and this court has jurisdiction of the case.

1. The first of the questions thus presented may be stated as follows: Does a case which has been instituted in good faith against a resident of the same state as that of plaintiff and a nonresident become removable on the petition of the nonresident when the plaintiff enters into a covenant not to prosecute the case against the resident?

Nothing is more firmly established in the law than that the motive which leads a plaintiff to join a resident with a nonresident is of no significance. That the joinder was for the sole purpose of preventing removal means nothing if the joinder was not fraudulent; that is, if there is a real case upon the facts against the resident. Fraud is proved when it is clearly and convincingly shown that the plaintiff knew, or should have known, when he filed 'his petition, that upon the facts he had no case against the resident, and the court will look through the paper case against the resident to discover whether the case stated is genuine or fictitious.

Doubtless it would not be denied that if one has a controversy with a resident and a nonresident and has terminated his controversy with the resident by settlement and then sues the resident and nonresident he is guilty of fraudulent joinder. A controversy which has ceased to exist is certainly as much a sham controversy as one which was always fictitious. It would make no difference whether the settlement was consummated by a release or by a covenant not to sue. Upon a showing of the joinder of such an extinct controversy between the plaintiff and a resident defendant with a controversy between the plaintiff and a nonresident defendant, the case should be ruled removable and a remand should be denied.

Is there a difference between such a situation and a situation in which the controversy between the plaintiff and the resident defendant has been terminated by settlement after suit has been instituted? There is this difference: The termination of the contro-

versy with the resident defendant after the institution of the suit cannot make the antecedent joinder fraudulent; whereas the joinder of an already terminated controversy with a live controversy is fraudulent. There is another difference. An original joinder of an extinguished cause of action against a resident with a live cause of action against a nonresident is an affirmative breach of a duty not to cheat the nonresident of the right of removal, whereas the failure to dismiss a cause of action against the resident after it has been extinguished by settlement is a breach of no duty owing to the nonresident. The mere "retention" of the resident in the case cannot then be fraudulent as to the nonresident, since fraud involves the affirmative doing of some wrong or the omission to perform some positive duty.

The conclusion so far reached is that the mere "retention" in a case of a resident defendant the controversy with whom has been extinguished by settlement after the suit was instituted constitutes no ground for removal upon any theory of fraudulent "retention." It is, however, a ground for removal upon another theory.

The reason for removal where there is an original fraudulent joinder is not the fraud itself, but the fact that but for the fraud there would be complete diversity of citizenship between the parties. If the court may look through the paper case and so discover, by uncovering fraudulent joinder, that there is complete diversity of citizenship, no good reason can be given why it may not look through the paper case to discover whether there is complete diversity of citizenship resulting from some voluntary act of plaintiff not amounting to fraud. A case is removable at that moment when complete diversity of citizenship comes into the case, whatever may appear upon the face of the petition. Whenever, then, the cause of action stated against the resident defendant in truth has been extinguished by settlement the case becomes removable, not because of fraudulent "retention," but because, from that moment, there is complete diversity of citizenship.*

It is well settled that where a plaintiff voluntarily dismisses as to a resident defend-

ant the case is then removable on the petition of the nonresident defendant. That is because there is then remaining only the controversy with the nonresident. So far as the reality of the matter is concerned (and here the court is concerned with realities and not with fictions), there is no difference between extinguishing a controversy by a voluntary dismissal in court and extinguishing it by a settlement of the controversy out of court. Indeed, the settlement even more finally extinguishes the controversy than the dismissal.

The final conclusion upon this phase of the question under consideration is that where a plaintiff has settled his controversy with a resident defendant, the controversy against the nonresident remaining is then removable irrespective of whether a formal dismissal as to the resident defendant has been entered.

What has been said is not to be construed as meaning that mere proof that a plaintiff has executed a covenant not to sue the resident defendant or has released the resident defendant for a consideration is enough to entitle the nonresident to removal. The plaintiff may deny that the covenant or release is binding upon him and in the state courts of Missouri may still prosecute his case against the resident who must set up his covenant or release as a defense. All that has been said is that where clear and convincing proof has been made that a plaintiff has extinguished his cause of action against the resident defendant by a binding and final settlement, however evidenced, then the controversy with the nonresident remaining is removable.

■■ 2. The showing here is that the plaintiff not only entered into a covenant not to prosecute her cause of action against the defendant, but that she dismissed with prejudice the identical cause of action against the resident defendant in a state court in Iowa. In view of what has been said touching the effect of the covenant, it is unnecessary to discuss the effect of this dismissal with the prejudice. It is sufficient to say that if plaintiff's cause of action against the resident defendant has been extinguished by a judgment and that is shown clearly and convincingly,

---

* While the mere "retention" of a resident defendant after settlement with him cannot be said to be fraudulent as to the nonresident, further "prosecution" of the case against the resident might well be so characterized. So far as cheating the nonresident of his right to remove is concerned, no distinction can be drawn between *instituting* and *prosecuting* a sham case. Nothing is added to the rights of the nonresident, however, by a showing of fraudulent prosecution, since his right to remove depends, not upon the fraudulent prosecution, but upon the complete diversity of citizenship resulting from the settlement and consequent extinction of the cause of action against the resident defendant.

then, from the moment the cause of action was so extinguished, the nonresident defendant has a right to remove the remaining controversy.

3. Various contentions are made by learned counsel for plaintiff all of which have been considered and are resolved against the plaintiff. Two merit particular reference. One is that the plaintiff received no consideration from defendant Kent for the covenant not to further prosecute the cause of action against him. That fact is without significance, since she did receive consideration from another in Kent's behalf. The second of these contentions is that after the defendant railroad company learned of the covenant and of the dismissal with prejudice it sought relief on the merits in the state court by arguing a demurrer theretofore filed by it in that court and so yielded to the jurisdiction of that court. This contention is not supported by the evidence.

The application of the principles herein announced requires the overruling of plaintiff's motion to remand. She settled her controversy with the resident defendant and entirely extinguished it. When that fact was discovered, the defendant railroad company timely petitioned for removal and was entitled thereto.