**TINNEY v. McCLAIN et al.**
**Civ. A. No. 1443.**

District Court, N. D. Texas,
Fort Worth Division.

March 29, 1948.

Donald & Donald, of Bowie, Tex., and Wm. A. Rembert, Jr., of Dallas, Tex., for plaintiff.

O. O. Touchstone, of Dallas, Tex., for defendants.

DOOLEY, District Judge.

This suit, originally filed in the District Court of Wise County, Texas, was brought by the plaintiff, A. F. (Bud) Tinney, against the defendants, Glen H. McClain and Joe Torbett, and is founded on allegations that on July 21, 1947 an automobile driven by the plaintiff Tinney and an automobile driven by the defendant Torbett, in company with the defendant McClain, its owner, who was directing said driver, met in a collision, proximately caused by the negligent acts and omissions of the defendants in driving too fast, in not keeping a proper lookout, in not having sufficient brakes, in diverting their attention by con-

versation, and in crossing to the wrong side of the highway, resulting in personal injury and property loss to the plaintiff, for which he claims damage in the sum of $51,-400.00.

The defendant McClain, alleging himself a resident of Dallas County, Texas, filed a plea of privilege to change the venue of the suit to Dallas County, and the defendant Torbett, alleging himself a resident and citizen of Maryland, filed a petition to remove said cause to the United States District Court for the Northern District of Texas at Fort Worth, and in stating the grounds for removal alleged that the defendant McClain was not present with the defendant Torbett in the automobile at the time of the collision, and did not have control at all of it, nor in any manner or degree, contribute to the plaintiff's damage, either by single negligence or joint negligence with his codefendant, all of which was, or readily might have been, known by the plaintiff or his counsel, and that the plaintiff fraudulently and improperly joined said McClain as a sham defendant, well knowing that he was not guilty of any joint negligence with the other defendant in and about said collision, and for the sole purpose of attempting to defeat the removal of this suit to the United States District Court.

A removal order was then made by the said District Court of Wise County, Texas. The plaintiff in due time filed his original and amended motions herein to remand this case to the State court, and shifted emphasis away from the claim that defendants were together to the claim that Torbett was McClain's agent at the time of the collision, but nevertheless denied the allegation in the removal petition that the defendant McClain had nothing whatever to do with the control of his automobile at the time in question, and that said fact was actually or constructively known by the plaintiff or his counsel when this suit was filed, and denied that said defendant was fraudulently and improperly joined as a sham codefendant in this action.

The plaintiff in said motion also assumed an affirmative attitude by alleging that he acted in good faith in pleading that the de-fendants were together in the automobile at the time of the collision, and that it was being driven "under the directions and instructions" of the defendant McClain, and that the plaintiff's "injuries were occasioned by reason of the negligence on the part of the defendants, and each of them" in the several respects alleged in the plaintiff's petition, one ground being that defendants were negligent "in not having sufficient brakes so as to stop the car before it ran into the car in which plaintiff was riding", and, having marshaled the said separate excerpts from his petition, the plaintiff professed that same signified allegations in substance that the defendant Torbett was driving the automobile as the servant, agent or employee of the said McClain, thus pleading a joint cause of action against the defendants, and in any event showing negligence in operating and permitting the operation of the automobile without adequate brakes, for which the owner as well as the driver thereof would be liable to plaintiff; and in that connection, the plaintiff further alleged that in a contest over the plea of privilege filed by the defendant McClain in the State court, the plaintiff filed a controverting affidavit and therein stated that the defendants were associated as copartners operating or having some connection with a radio station in Wichita Falls, Texas, the defendant Torbett conducting said business for himself and as agent for the defendant McClain, and that the said Torbett was carrying on said business and taking the automobile from Wichita Falls, Texas, to Dallas, Texas, under the instructions and as the agent or special agent of said McClain, and was in line of duty, at the very time of the collision.

The motion to remand was heard on the removal record, together with several affidavits and some oral testimony.

The affidavit of the plaintiff stated that the collision occurred about 6:30 p. m.; that about twenty minutes afterwards he had a conversation with the defendant Torbett in the hospital at Decatur, Texas; that Torbett said he and the defendant McClain were partners in a radio business at Wichita Falls, Texas, and that McClain was with him in the automobile at the

time of the collision; that his condition became serious and he was hospitalized for a considerable time; that a few days later while he was still in the hospital he told his brother of said conversation and requested him to have the lawyers file suit.

The affidavit of the plaintiff's brother confirmed what the plaintiff told him of the aforesaid conversation with Torbett, which he repeated to the lawyers and had them file suit for the plaintiff.

The affidavit of plaintiff's counsel, Paul Donald, stated that about July 24 or 25, 1947, plaintiff's brother came and recounted plaintiff's same story to him, and authorized the filing of suit.

The first affidavit of the defendant Torbett stated that ever since the early part of 1943 he had been and was a resident citizen domiciled at Chevy Chase, Maryland, where he and his wife were registered voters, and lives in a house there which he leased until May 1948; that he used McClain's automobile in making a trip to visit his sister at Wichita Falls, and was on his way back at the time of the collision; that he was not an agent or employee of anybody in the operation of the automobile, or at that time.

In his second affidavit Torbett stated that he had read the foregoing affidavits of the plaintiff and his brother; that the plaintiff did see him briefly in the hospital at Decatur soon after the collision; that during their short talk there was confusion in the room because several doctors were working on him and taking X-rays; that he told plaintiff the automobile was borrowed from McClain for a trip from Dallas to Wichita Falls, but he had never been, and did not ever say that he was, an agent, representative or employee of McClain; that he and McClain were not, and he did not tell plaintiff they were, partners in a radio business at Wichita Falls, nor did he, or McClain so far as he knows, have any interest in said radio business; that McClain was not with him, and was not exercising any control or direction of him or the automobile, and he did not tell plaintiff that McClain was along, at the time of the collision; that in making the trip he had no instructions of any kind whatever from McClain.

The defendant McClain testified that he lived in Dallas; that he knew the defendant Torbett, but they had never been partners, nor had Torbett ever been his agent in any enterprise whatever, and they never had any business relationship; that just as a courtesy he loaned Torbett the automobile to go to Wichita Falls for some two or three days to visit his sister; that he was not with Torbett at the time of the collision, and had no direction or control over him in the use of the car; that he and Torbett were never jointly interested in a Wichita Falls radio station, and were never employed together; that he had a telephone in his residence at Dallas, and his name was in the telephone and City directories; that his whereabouts could easily have been ascertained; that the plaintiff's counsel did not make any inquiry of him before filing this suit, nor seek by telephone, letter or otherwise to find out whether he was in the automobile with Torbett.

The plaintiff's counsel, J. M. Donald, testified that about the 27th or 28th of July, 1947, the plaintiff's brother came in and talked to him at his office, regarding the collision and related the circumstances, wanting to protect the interests of plaintiff; that his law partner went to the scene of the collision and interviewed some witnesses; that he then hurriedly dictated the petition and his partner filed the suit; that he did not talk with the plaintiff himself, nor either of the defendants before filing suit; that he could have lifted his telephone and talked to the defendant McClain, but did not; that the defendant Torbett at that time was in a hospital at Wichita Falls; that he knew the defendant McClain lived in Dallas; that the plaintiff's brother informed him that the plaintiff said the defendant Torbett told him the defendants were associated, or to be associated, together in the broadcasting business, and that he had McClain's automobile borrowed on business, and had looked after business of McClain's while on his trip in Wichita Falls.

This suit was filed in the State court on July 31, 1947.

The removal statute is a judicial curiosity incidental to our dual system of government. An extraordinary power is in action in taking away a jurisdictionally perfected suit from a court of one sovereignty and transferring it to a court of another sovereignty. The Supreme Court stresses the rule that the federal courts must act very circumspectly in the removal function.[1] If Federal jurisdiction is doubtful a case should be returned to the State court. In like purpose, when a citizen of one state as plaintiff, in his pleading, states a joint cause of action, fair on its face, against another citizen of the same state and a citizen of another state, as defendants, the nonresident defendant does not show any right of removal by simply joining issue with the plaintiff's allegations of his claim against the local defendant. The Federal court, in such circumstances, will not undertake to prejudge issues of fact on the general merits, and uphold a removal in the event of a conclusion that the plaintiff will probably fail to prove any liability of the resident defendant in the final outcome of the suit. If, however, such non-resident defendant is able to impeach the plaintiff's allegations as simply a pretension of a joint cause of action fraudulently claimed for the purpose of defeating Federal jurisdiction, a removal is warranted, and the case will be retained by the Federal court.[2] The fraud is in making allegations which seemingly exclude Federal jurisdiction for removal from the State court, but in that respect are in fact baseless, and were so known to plaintiff or at least open to his knowledge by proper inquiry. In other words, instead of being intentional fraud, it may equally well be constructive fraud in legal intendment.[3]

The controlling facts in this case from a removal standpoint are clear of any reasonable doubt. The defendant Torbett at all times material herein has been a resident citizen of Maryland. The sworn testimony of both defendants verifies that McClain was not with Torbett at the time of the collision. The only contrary intimation is plaintiff's affidavit that, in the hospital shortly after the collision, Torbett said the defendants were together in the automobile. This is positively denied by Torbett in his affidavit. The plaintiff's affidavit also said the collision occurred about 6:30 P.M., which would be daytime in July, but plaintiff did not say on his own word that another person was with Torbett, nor explain how he failed to see before the impact whether Torbett was alone or had a companion in the automobile. It is also significant that plaintiff's affidavit controverting McClain's plea of privilege in the State court, and his motions to remand in this court, each tacitly abandoned any claim that the defendants were together at the time of the collision. The evidence and circumstances convince me that McClain was not with Torbett, as alleged by the plaintiff at the outset of this suit.

The above measure of facts is parallel with the bounds of plaintiff's petition herein, which is confined to the theory that defendants were together, acting in concert, and jointly liable for the alleged negligence and damages to plaintiff. The theory of suit and the reality of fact are in crucial

---

[1] In Shamrock Oil & Gas Corp. v. Sheets et al., 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214, a removal question case, the Court quoted language as follows: "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

[2] "While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 186, 27 S.Ct. 184, 188, 51 L.Ed. 430, 436, 9 Ann.Cas. 757.

[3] Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 186, 27 S.Ct. 184, 51 L.Ed. 430, 436, 9 Ann. Cas. 757; Aldredge v. Baltimore & O. R. Co., 8 Cir., 20 F.2d 655, 657; Gable v. Chicago, M., St. P. & P. R. Co., D. C., 8 F.Supp. 944, 945; Scherrer v. Foster et al., D.C., 5 F.2d 236, 238; Martin v. New York, N. H. & H. R. Co., D. C., 241 F. 696, 701.

conflict between the allegation saying that McClain was, and the facts showing that he was not, present and directing the use and driving of the automobile at the time of the collision.

The plaintiff's counsel in pleading this suit, apparently acted altogether on the plaintiff's message to them that Torbett had said McClain was with him in the automobile. The lawyers do not say that they made any further inquiry to confirm the supposed presence of McClain. It ought to have been comparatively easy to find out about it definitely. The lawyers knew Mc-Clain lived in Dallas, but made no effort to contact him for inquiry, either by mail or telephone. The witnesses interviewed by plaintiff's counsel before filing suit, or the highway patrol officers, also were obvious sources of potential information which were neglected. The circumstances that plaintiff's brother, sent as messenger to the lawyers, did not tell them that the plaintiff said on his own word and knowledge that McClain, or at least some person, was with Torbett, and the fact that only two victims of the collision, Tinney and Torbett, were accounted for definitely, was enough to reasonably prompt more intensive inquiry into the facts.

▌ The testimony that the version of facts related to the lawyers had McClain in the automobile, and the like allegation repeated in the plaintiff's petition, tend to show more a misapprehension of counsel rather than any intentional mis-statement, but nevertheless such unfounded allegation takes on the force of fraud in a legal sense as against the right of the non-resident defendant, on the true facts, to have this case removed to the Federal court. In my opinion this case is within the rule declared in Polito v. Molasky et al., 8 Cir., 123 F.2d 258, 261 (certiorari denied, 315 U.S. 804, 62 S.Ct. 632, 86 L.Ed. 1204) as follows: "The evidence introduced at the hearing showed conclusively that the Molaskys had no connection with the accident out of which the alleged cause of action arose nor with the parties involved in it. They knew nothing about it. It appeared also that plaintiff joined them as defendants through a mistake of fact which might by the exercise of diligence have been discovered. The joinder was so baseless that it was fraudulent as a matter of law." [4]

▌ Still another question is raised by the plaintiff. He contends that the Court, on motion to remand, should consider the allegations in his affidavit controverting McClain's plea of privilege, as well as the allegations in his original petition, in judging the cause of action he alleges against the defendants. The significance of the point is that in the controverting affidavit plaintiff for the first time alleged that the defendants were business partners and their common interest was being served in Torbett's use of the automobile. The reasoning assumes that the controverting affidavit was on file when Torbett's removal petition was filed in the State court. The record in that connection is quite confused. The transcript of proceedings in the State court shows, taking the dates as written, that McClain's plea of privilege was filed August 22, 1947; that the plaintiff's controverting affidavit was filed August 31, 1947, a Sunday; that the notice of intention to file Torbett's removal petition and bond was served on plaintiff's counsel August 30, 1947, and recited that same would be presented to the Judge on the morning of August 30, 1947, or expeditiously thereafter; that the Judge approved the removal bond August 30, 1947, and also signed the removal order August 30, 1947; that the petition, bond, notice and order of removal were all filed September 1, 1947. This record is so irregular that it might be difficult to determine the true time sequence between the coming in of the controverting affidavit and the effective removal of the case, but I think it is unnecessary to decide that muddle definitely. In the Texas system of practice a plea of privilege and a controverting affidavit are simply the procedural way to join issue on the proper venue. The

---

[4] Other cases somewhat analogous on the facts and illustrating the same principle are as follows: Wecker v. National Enameling & Stamping Co., supra; Aldredge v. Baltimore & O. R. Co., supra; Martin v. New York, N. H. & H. R. Co., supra; McGuire v. Great Northern Ry. Co., C.C.Iowa, 153 F. 434.

venue issue in this case was between Tinney and McClain. It was even unnecessary to serve a copy of the controverting affidavit on Torbett.[5] The nature of the plaintiff's suit is determined by his petition, not by his controverting affidavit, and the affidavit is simply to define the issue of venue, in contrast to the actionable quality of the allegations in the petition. The controverting affidavit can only project in the venue aspect the same cause of action alleged in the plaintiff's petition. If the affidavit intrudes some new claim that part will be futile and the variance between the affidavit and the petition will be treated as surplusage.[6] The allegations in the controverting affidavit that McClain and Torbett were partners and that Torbett was in furtherance of their common interest at the time of the collision were beyond the scope of the plaintiff's original suit, and for the reasons stated, should be disregarded. This would certainly be true between Tinney and McClain in connection with their venue controversy, and it would be strange for Torbett, not a party to the venue contest, to be affected any differently in connection with the proceedings for removal. So I do not think that the controverting affidavit could be any obstacle to the removal of this suit, even if the affidavit preceded the petition for removal in the chronology of the case in the State court.

█ The plaintiff's last proposition is that, independently of the partnership and agency question, a cause of action is alleged against McClain for defective brakes on the automobile. This has the ring of an afterthought. The specifications of plaintiff's suit in his petition plainly presuppose throughout that McClain was present in the automobile, and there is no trace in the language of any theory that said defendant was being sued on liability as a lender of an automobile equipped with faulty brakes. He was sued as a then present owner and user, not as an absent owner and lender. The petition, despite forensic ingenuity, cannot plausibly be read in any other light. In any event the plaintiff would not fare any better on the facts for the testimony shows, without a scintilla of dispute, that the brakes were adequate and in good working order and mechanical condition. The plaintiff himself in narrating his alleged conversation with Torbett at the hospital does not purport to say that even Torbett told him the brakes were defective.

This case passes muster under the strict requirements for removal, and an order may be drawn overruling the motion to remand.

[5] Pope v. Litwin, Tex.Civ.App., 57 S. W.2d 1105.

[6] Casebolt v. Waldron, Tex.Civ.App., 160 S.W.2d 309; Jones v. Caldwell, Tex. Civ.App., 42 S.W.2d 1052.