**William J. BUMGARDNER, Plaintiff,**

**v.**

**COMBUSTION ENGINEERING, INC., a Delaware Corporation, et al.**

**Civ. A. No. 77–995.**

United States District Court,
D. South Carolina,
Columbia Division.

June 14, 1977.

Ronald L. Motley and Terry Richardson of Barnwell, S.C., for plaintiff.

G. Dewey Oxner, Jr., James B. Pressley, Jr., Greenville, S.C., for Combustion, Certain-Teed, Pittsburg Corning, Eagle-Picher, Rock Wool Manufacturing.

William A. Horger, Orangeburg, S.C., for Johns-Manville.

Michael T. Cole, Charleston, S.C., for Unarco.

W. H. Arnold, Greenville, S.C., for Owens-Corning.

Charles W. Wofford, Greenville, S.C., for GAF Corp.

Robert H. Hood, Charleston, S.C., for Forty-Eight, Keene, Raybestos-Manhattan.

E. W. Laney, III, Columbia, S.C., for Southern Asbestos.

Rembert D. Parler, Spartanburg, S.C., for Armstrong Cork.

Thomas M. Boulware, Barnwell, S.C., for Flintkote.

Edward D. Buckley, Charleston, S.C., for Nicolet.

William S. Davies, Jr., Columbia, S.C., for Atlas Asbestos.

N. Heyward Clarkson, III, Greenville, S.C., for Covil.

Robert R. Carpenter, Rock Hill, S.C., for Celotex.

Joe R. Young, Wallace G. Holland, Charleston, S.C., for Standard Asbestos.

## ORDER

CHAPMAN, District Judge.

This is one of many so-called "asbestosis cases". In each case the plaintiff seeks recovery from various manufacturers, distributors and retailers of asbestos and materials containing asbestos on the ground that he or she contracted the lung disease known as "asbestosis" from working with and being exposed to products manufactured and sold by the defendants.

The plaintiff in this case, a resident of North Carolina, instituted this suit in the South Carolina state court against a number of manufacturers and distributors of asbestos products. One of the defendants, Covil Corporation, is a contractor-distributor of asbestos products and is incorporated in South Carolina. All of the other defendants are manufacturers of asbestos products and are incorporated in states other than North or South Carolina. The presence of Covil as a defendant initially prevented the other defendants from removing the case to federal court because 28 U.S.C. § 1441(b) permits removal of a diversity case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."

Since any liability of Covil would result from its distribution of asbestos products obtained from some of the manufacturing defendants, Covil instituted a cross action for indemnification against those defendants. This cross action was used by Covil's attorney, Heyward Clarkson, III, as a lever in negotiating with the other parties in an attempt to settle the claim against Covil or reduce its cost of litigation. Clarkson first approached the defendants to the cross action and offered not to prosecute Covil's claims in return for a promise of indemnification. No agreement was reached, so Clarkson then began negotiating with Ron-

ald Motley, one of the plaintiff's attorneys. As a result of these negotiations, on May 18, 1977, an agreement was reached whereby Motley promised not to levy execution on any judgment obtained against Covil if Clarkson would actively prosecute Covil's cross action. Approximately one week later, on May 24, all attorneys in the case met to take the testimony of a physician by deposition which had been set by Mr. Motley. Prior to this deposition, Motley gave Clarkson a list of questions to ask the witness during Covil's cross examination. These questions, while useful in proving Covil's cross action, were quite useful to plaintiff in his effort to prove his case.

Very soon after Clarkson began his cross examination, it became obvious that the questions were most helpful to plaintiff. Clarkson was asked whether he had entered into an agreement with the plaintiff and the terms of the agreement were revealed at that time. The defense attorneys also learned that Mr. Clarkson had been questioning the witness from a list of questions prepared by Mr. Motley and in his handwriting.

On May 26, 1977, as a result of their discovery of the agreement between the plaintiff and Covil, all defendants except Covil petitioned for removal of the case to federal court. The petition was grounded on the fact that Covil, "by virtue of an agreement with the plaintiff, was no longer a real party defendant but had become a nominal or sham defendant in effect taking the same position as the plaintiff in this case." Later the same day, a pretrial conference was held in the state court. At this conference, plaintiff, after learning of the defendant's petition to remove, stated that the agreement between Covil and the plaintiff was "vitiated and withdrawn". This was a unilateral act on the part of the plaintiff because Covil had not agreed to cancel the settlement agreement. In fact, after the case was removed, Covil filed a brief in support of its agreement with the plaintiff. The next day, on May 27, plaintiff filed a motion to remand. It is this motion which is now before the Court.

The Court is convinced that the motion to remand is without merit and should be denied. When the defendants other than Covil discovered the existence of the settlement agreement, the case became removable at that time by virtue of 28 U.S.C. § 1446(b). The second paragraph of that section provides:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable.

The cases which have construed this section have held that a voluntary dismissal or some other kind of voluntary discontinuance of an action against the defendant whose presence in the case prevents removal would make the case removable. See *Hum v. Missouri Pacific Railroad Co.,* 292 F.Supp. 65 (E.D.Ark.1968); *Viles v. Sharp,* 248 F.Supp. 1019 (W.D.Mo.1965); *Lauf v. Nelson,* 246 F.Supp. 307 (D.Mont.1965). Therefore, the defendants other than Covil, upon learning of the settlement agreement, had a right to remove because the plaintiff had effectively discontinued its action against Covil.

A similar factual situation was before a Missouri district court in the case of *Gable v. Chicago, M., St. P. & P. R. Co.,* 8 F.Supp. 944 (W.D.Mo., 1934). There the plaintiff brought suit against a resident individual and a non-resident railroad company. After learning that the plaintiff entered into a covenant not to prosecute the cause of action against the resident defendant, the railroad removed. After the removal, plaintiff moved to remand. The Court denied the motion to remand holding that the covenant not to sue the resident defendant resulted in complete diversity thus entitling the non-resident defendant to remove. The difference between *Gable* and this case is that the discontinuance in *Gable* was in the form of a covenant not to sue whereas in this case the discontinuance is in the form

of a covenant not to execute. This difference, however, is of no consequence since a covenant not to execute has the same legal effect as a covenant not to sue. *Stephenson v. Duriron Co.,* 292 F.Supp. 66 (S.D. Ohio, 1968).

■ In light of the foregoing authorities, the defendants other than Covil had a right to remove their case to federal court upon learning of Covil's settlement agreement with the plaintiff because the only resident defendant was effectively removed from the case. Although plaintiff attempted to defeat the removal of the case by announcing that the agreement was withdrawn, this action by the plaintiff did not deprive the Court of jurisdiction. In the first place, there is no indication that plaintiff had a right to unilaterally withdraw the agreement. In the second place, once federal jurisdiction attaches in a diversity case, the plaintiff can not later name a resident as a defendant for the purpose of ousting the Court of jurisdiction. *See Plains Growers, Inc. By and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250 (5th Cir. 1973); *Ennis v. Queen Ins. Co. of America,* 364 F.Supp. 964 (W.D.Tenn. 1973); *Hedges v. Rudeloff,* 196 F.Supp. 475 (S.D.Tex.1961). In this case, the plaintiff's attempt to cancel the settlement agreement with Covil was obviously made for the purpose of destroying diversity jurisdiction. Such an action will be rejected by the Court as constituting an attempted fraudulent joinder.

The settlement agreement that plaintiff made with the only resident defendant in this case constitutes a voluntary discontinuance of the action as to Covil and gave the remaining defendants, all non-residents, the right to remove the case to this court. Plaintiff's attempt to correct his earlier actions by cancelling the settlement agreement with Covil and thereby return the case to the state court cannot be given effect. Plaintiff's motion to remand is, therefore, denied.

AND IT IS SO ORDERED.