**Jeffrey Alan LESHER, a minor by his parents and natural guardians, Sherry L. LESHER and Jeffrey Lesher, and Sherry L. Lesher and Jeffrey Lesher in their own right, Plaintiffs,**

v.

**Robert J. ANDREOZZI, M.D., Robert J. Andreozzi, M.D., P.C., Roche Laboratories, and Hoffmann-La Roche Inc., Defendants.**

Civ. A. No. 86–1414.

United States District Court, M.D. Pennsylvania.

Nov. 20, 1986.

Barton A. Haines, Philadelphia, Pa., Kenneth C. Sandoe, Steiner and Sandoe, Myerstown, Pa., for plaintiffs.

Murray S. Levin, Pepper, Hamilton and Sheetz, Philadelphia, Pa., Thomas B. Schmidt, III, Pepper, Hamilton and Sheetz, Harrisburg, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

*Introduction and Background*

Plaintiffs, Jeffrey Alan Lesher, Sherry L. Lesher and Jeffrey Lesher, citizens of Pennsylvania, began this action in Lebanon County against defendants, Robert J. Andreozzi, M.D. and Robert J. Andreozzi, M.D., P.C., citizens of Pennsylvania, and

Hoffmann-La Roche Inc. and Roche Laboratories ("Roche"), citizens of New Jersey. On October 9, 1986, Roche, pursuant to 28 U.S.C. § 1446(b), removed the case to federal court, basing jurisdiction on diversity of citizenship between the parties. Plaintiffs now oppose the removal and have asked us to remand the action to Lebanon County.[1] Plaintiffs oppose removal on the grounds that there is no diversity between the parties in that plaintiffs and the Andreozzi defendants are all citizens of Pennsylvania. Roche, however, argues that diversity is now present in the case by virtue of a settlement entered into by plaintiffs and the Andreozzi defendants, in which plaintiffs voluntarily relinquished and discontinued all their claims against the Andreozzi defendants. The issue before us is whether diversity jurisdiction was created, and thereby made removal possible and proper, when plaintiffs settled their claims against the Andreozzi defendants, the resident defendants. For the reasons set forth below, we conclude that the removal was proper and will deny plaintiffs' motion to remand.

*Discussion*

Roche removed this action pursuant to 28 U.S.C. § 1446(b) which provides in pertinent part:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

This section has been interpreted to permit the removal of an action where the plaintiff voluntarily dismisses or discontinues his claims against the defendant whose presence prevents removal. *See Bumgardner v. Combustion Engineering, Inc.*, 432

F.Supp. 1289 (D.S.C.1977). Plaintiffs, however, argue that the resident defendant must be formally dismissed from the case before removal is permitted.[2] Roche, on the other hand, contends that a formal order of dismissal is not necessary.

We are unpersuaded by plaintiffs' argument that the Andreozzi defendants must be formally dismissed from this action before removal is permissible. In *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328 (D. S.C.1979), the plaintiffs, residents of South Carolina, brought an action in state court against American Motors Sales Corp., a Delaware corporation, and Ralph Cooke, a resident of South Carolina. At trial counsel for plaintiffs requested that the jury not return a verdict against the resident defendant Cooke. Construing the request as a dismissal of plaintiffs' claims against defendant Cooke, American Motors removed the case to federal court. Plaintiffs argued there that removal was improper and ineffective because defendant Cooke was never formally dismissed. The court denied plaintiffs' motion to remand, finding that:

> Even if the parties were found not to have perfected a dismissal under state court procedure, this Court determines plaintiffs' counsel's admonishment to the jury not to return a verdict against Ralph Cooke established the prerequisites for removal diversity jurisdiction under 28 U.S.C. 1441(b).

*Id.* at 334.

Similarly, in *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D.La.), *modified*, 558 F.Supp. 105 (M.D.La.1983), the plaintiff voluntarily settled his claims against the resident defendants. Thereafter, the remaining defendants removed the case to federal court. Plaintiff, in turn, moved to remand, arguing the resident defendants were not formally dismissed from the action. The court concluded that plain-

---

**1.** Plaintiffs have also filed a motion for sanctions on the grounds that Roche acted in a dilatory manner in removing the case from Lebanon County. This motion will be denied and borders on the frivolous.

**2.** Plaintiffs contend that under Pennsylvania law, the Andreozzi defendants remain a party until an order of discontinuance is entered. *See* Pa.R.Civ.P. 229(a).

tiff's settlement agreement extinguished his claims against the resident defendants and thereby rendered the case removable. The court offered the following explanation:

> Where plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b). *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). The technicality of how plaintiff's intention is expressed is of no moment—it is the expression of the intent by plaintiff which makes the case removable.

*Id.* at 599. *See also Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901 (8th Cir.1985), *DiNatale v. Subaru of America*, 624 F.Supp. 340 (E.D.Mich.1985); *Bumgardner, supra.* In light of these persuasive authorities we find that a formal order of dismissal is not a prerequisite to removal under 28 U.S.C. § 1446(b). *But see Mertan v. E.H. Squibb & Sons, Inc.*, 581 F.Supp. 751 (C.D.Cal.1980). To hold otherwise, would allow form to rule over substance.

■ Plaintiffs next argue that because the Andreozzi defendants remain in this action for the purpose of obtaining a judicial determination of their status as joint tortfeasors, diversity jurisdiction is destroyed. Roche contends that the Andreozzi defendants remain in this action solely as third-party defendants and hence their presence does not affect diversity jurisdiction.[3]

Contrary to plaintiffs' assertion, the continued presence of the Andreozzi defendants in this action does not defeat diversity jurisdiction. Before determining removability on the basis of diversity of citizenship, "the court will realign the parties according to their true interest, as it would were the case brought in the federal court

originally." *Heniford, supra,* at 334 (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3723, at 331–33). In the present case, plaintiffs, through the settlement agreement, have extinguished their claims against the Andreozzi defendants. Absent an adverse interest between them, the Andreozzi parties can no longer be viewed as defendants in this action. Instead, their interests are more closely aligned to those of plaintiffs or of a third-party defendant. Regardless of whether they are aligned as plaintiffs or third-party defendants, diversity jurisdiction exists. *See Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir.1980) (third-party claims by defendant do not require independent jurisdictional base.) Accordingly, we conclude that this action was properly removed pursuant to 28 U.S.C. § 1446(b).

■ Plaintiffs also contend that the petition for removal is procedurally defective because it was not filed within the 30 day period set forth in 28 U.S.C. § 1446(b). As previously noted, this section provides in pertinent part:

> [A] petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Plaintiffs contend that the 30 day period began on August 27, 1986, the date the settlement agreement was executed by plaintiffs and the Andreozzi parties. Plaintiffs' contention fails because the settlement required court approval to become legally effective. *See* Pa.R.Civ.P. 2039(a). Thus, the more appropriate date for determining when the 30 day limitation period began to run is October 9, 1986, the date the settlement was approved by the Court of Common Pleas of Lebanon County. Here, the petition for removal was filed on

---

**3.** Under Pennsylvania law, Roche has the right to retain the Andreozzi defendants in this case so that a jury may determine the issues of joint

or sole liability. *See National Liberty Life Insurance Co. v. Kling Partnership,* 350 Pa.Super. 524, 504 A.2d 1273 (1986).

the same day court approval was granted and the petition was timely.

Finally, plaintiffs claim that the petition should be dismissed because it was filed on the eve of trial for the purpose of avoiding trial in this case and is highly prejudicial to plaintiffs. This argument is without merit. Roche has satisfied the requirements of 28 U.S.C. § 1446(b) and is therefore entitled to removal. Moreover, plaintiffs' assertions of prejudice are insufficient to defeat removal. *See Gottleib v. Firestone Steel Products Co.,* 524 F.Supp. 1137, 1140 (E.D. Pa.1981) ("Plaintiff's claim of prejudice by removal on the eve of trial is insufficient to compel remand since an action may be properly remanded only for the specific reasons delineated in the controlling statute.").

An appropriate order will be issued.