**VIRGINIA ENERGY COMPANY and Inter–Mountain Coals, Inc., Plaintiffs,**

v.

**PHIBRO ENERGY, INC., Defendant.**

**Civ. A. No. 88–0058–A.**

United States District Court, W.D. Virginia, Abingdon Division.

March 29, 1989.

---

David E. Cecil, Grundy, Va., and Bruce Americus, Pittsburgh, Pa., for plaintiffs.

S.M. Hodges, Abingdon, Va., William B. Poff and Briggs W. Andrews, Roanoke, Va., for defendant.

## CORRECTED
## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This case is before the court on defendant's motion for summary judgment and plaintiffs' motion to dismiss defendant's claim for abuse of process. Jurisdiction of this court is pursuant to 28 U.S.C. § 1332.

### FACTUAL BACKGROUND

On December 14, 1981, Inter–Mountain Coals, Inc. (IM) and Phibro Energy, Inc. (Phibro) entered into a contract whereby Phibro agreed to purchase 300,000 tons of "high volume metallurgical" coal from IM. Phibro was to purchase the coal during 1982 with the option of purchasing up to 20% of the coal during the first quarter of 1983.

IM then entered into a contract with Virginia Energy Company (VE) to purchase 300,000 tons of coal. Although Phibro was not a party to this agreement, the IM/Phibro contract was attached to the IM/VE contract. Phibro purchased from IM and IM purchased from VE 185,000 tons of coal. Phibro exercised the option to extend the contract until March 31, 1983. This extension did not, however, lead to the purchase of more coal.

On March 17, 1986, VE brought suit against IM in Buchanan County Circuit Court. VE and IM agreed on December 22, 1986, that IM would bring in Phibro as a third party defendant and assign VE its rights against Phibro and that VE would not enforce any judgment it obtained against IM.[1]

Pursuant to this agreement, on December 31, 1986, IM brought Phibro into the suit as a third party defendant. This third party motion for judgment reads:

1. VE has filed its motion for judgment against IM seeking damages for al-

---

1. Phibro terms this agreement a "settlement agreement." VE alleges that it is simply an assignment. IM contends that it is a covenant not to collect.

leged breach of a Coal Sales Contract dated December 14, 1981

....

2. IM has filed its Grounds of Defense....

3. Derby[2] entered into a contract with IM dated December 14, 1981.... Pursuant to the Derby contract, Derby was to purchase approximately 300,000 tons of coal from IM. The coal to be sold under the Derby contract was to be purchased by IM from VE under the Coal Sales Contract. Derby failed to order and pay for the tonnage required by the Derby contract and has therefore breached the same.

4. If IM is liable to VE, which is denied, Derby is liable to IM to the same extent.

WHEREFORE, IM demands judgment against Derby for any and all sums for which it may be adjudged liable to VE along with interest and costs.

In February 1986, Phibro discovered the existence of the VE/IM agreement and removed the suit to this court. On April 8, 1988, VE filed an amended complaint. Counts 1 and 2 were for breach of contract against IM and Phibro, respectively. Count 3 was against Phibro for indemnity as an assignee of IM. Phibro moved for summary judgment on the ground that VE's breach of contract claim is barred by the statute of limitations. IM filed a cross claim against Phibro for indemnity. Phibro then moved to dismiss IM's crossclaim and counterclaimed against VE for malicious abuse of civil process. On July 5, 1988, this court entered an Order whereby IM became a party plaintiff with VE rather than a party defendant.

## ANALYSIS

### I. Phibro's Motion for Summary Judgment

#### A. *Statute of Limitations*

■ Phibro first contends that VE's breach of contract claim against Phibro is barred by a 4–year statute of limitations.[3] The latest date Phibro could have breached its contract with IM is March 31, 1983. VE filed its amended complaint in this court asserting a breach of contract claim against Phibro on March 29, 1988. Phibro further contends that IM's claim against Phibro in state court did not operate to toll the statute of limitations because that claim was for indemnity only and not for breach of contract.

As noted earlier, VE brought its cause of action for breach of contract against IM on March 17, 1986. IM filed its third party motion for judgment on December 31, 1986. Phibro does not contend that these actions were not timely filed. As of December 31, 1986, therefore, the issues of whether IM had breached its contract with VE and whether Phibro had breached its contract with IM were before the Buchanan County Circuit Court. Moreover, the issues were timely filed and there was no statute of limitations problem. Had the issue of whether IM was suing Phibro for breach of contract or indemnity arisen, the court probably would have allowed IM to amend its third party motion for judgment to clarify IM's intent. Rule 1:8 of the Supreme Court of Virginia. ("Leave to amend shall be liberally granted in furtherance of the ends of justice.")

Subsequently, on February 29, 1988, Phibro petitioned for removal to federal court. In its petition for removal, Phibro began its successful argument that the parties were misaligned and that IM should be a party plaintiff rather than a party defendant. Thereafter, VE filed an amended complaint and, for the first time, directly sued Phibro for breach of contract and indemnity. The court then entered an Order allowing the plaintiff's amended complaint and, as requested by Phibro, realigning the parties.

Phibro caused both removal to this court and the realignment of the parties. Prior

---

**2.** Derby is Phibro's predecessor in interest.

**3.** The parties agreed that the relevant period of limitation is Va.Code § 8.2–725 which provides that "an action for breach of any contract of sale must be commenced within four years after the cause of action has accrued." *Id.*

to Phibro's maneuverings, this entire matter was before a state court in a timely manner. It would be incongruous to find that this case, pending since March 1986, has suddenly become barred by the statute of limitations due to the actions of the party seeking to invoke the statute's protection.

■ Phibro makes much ado about the language of IM's third party motion for judgment. Phibro contends that this action was for indemnity only and not for breach of contract. In support of its motion for summary judgment, Phibro states that "a pleading seeking damages for indemnity does not toll the statute of limitations on a cause of action for breach of contract. *Intern.* [sic International] *Surplus Lines Ins. v. Marsh & McLennan,* 838 F.2d 124, 126 (4th Cir.1988)." Reply Memorandum in Support of Defendant's Motion for Summary Judgment at 16. Despite Phibro's earnest protestations to the contrary, *International Surplus Lines* does not and cannot stand for the above proposition. In that case, the plaintiff had alleged that the defendant had breached fiduciary duties owed plaintiff. *Id.* The court expressly found that these claims were "not to be considered as claims for indemnity." *Id.* at 128. The court then analyzed the claims as breach of contract and tort and found that the claims would be barred under the relevant statutes of limitations. *Id.* For *International Surplus Lines* to hold, as plaintiff alleges, that an indemnity action does not toll the statute of limitations for a contract action, the Fourth Circuit would had to have found that there *was* an indemnity action. The court expressly found that there were no indemnity claims; therefore, *International Surplus Lines* does not stand for the proposition of law Phibro asserted.

The Virginia Supreme Court has stated the important purposes behind the statute of limitations:

Statutes of limitations serve an important and salutary purpose. Without them, defendants could find themselves at the mercy of unscrupulous plaintiffs who hoard evidence that supports their position while waiting for their prospective opponents to discard evidence that would make a defense.

*Burns v. Board of Supervisors,* 227 Va. 354, 315 S.E.2d 856, 859 (1984). In his treatise on savings statutes, Professor Ferguson argues that if a "first suit gives defendant sufficient notice of the nature of the claim that a reasonably prudent man would preserve evidence which would unable him to adequately defend [sic] the claim set forth in the second suit, then they should be considered the same cause of action...." W. Ferguson, *The Statutes of Limitations Savings Statutes* 173–174 (1978). This is not precisely the situation here because this case is one continuous suit which was removed from state court. Yet it raises a highly pertinent question, what evidence would Phibro preserve after IM had filed its third party motion for judgment against Phibro? IM's third party motion for judgment alleges that VE had sued IM for breach of contract. IM further alleged that

[Phibro] entered into a contract with Inter–Mountain dated December 14, 1981.... Pursuant to [this] contract, [Phibro] was to purchase approximately 300,000 tons of coal from Inter–Mountain. The coal to be sold under [this] contract was to be purchased by Inter–Mountain from Virginia Energy.... [Phibro] failed to order and pay for the tonnage required by the ... contract and has therefore breached the same.

It is obvious that Phibro, as a reasonably prudent entity, would preserve any evidence related to its contract with IM after this third party motion for judgment.

It is absurd to believe that Phibro would have discarded any evidence relating to the IM/Phibro contract merely because it labeled IM's third party motion for judgment an indemnity action. Phibro has been on notice since December 31, 1986 that its contract with IM was the subject of litigation. Whether IM's third party motion for judgment is labeled "indemnity" or "breach of contract," this court is fully satisfied that the purposes of the statute of limitations have been fully satisfied in this

case. Accordingly, the court finds that VE's and IM's claims, filed in 1986 against Phibro, are not time-barred.

### B. VE's Breach of Contract Claim

 Phibro contends that it is entitled to summary judgment because VE cannot claim an independent breach of contract against Phibro because VE has never had a contract with Phibro. VE's amended complaint directly sues Phibro for breach of contract. VE alleges that IM was simply an agent and that Derby and Phibro were actually contracting with each other. Also, VE is suing, as IM's assignee, for breach of the IM/Phibro contract. Phibro points to no law that bars such an assignment. Moreover, as to whether IM acted as an agent, the court determines that this is an issue of fact and summary judgment is therefore inappropriate.

### C. IM's Indemnity Claim

 Phibro contends that the agreement between VE and IM constituted a release and that therefore IM has no cause of action for indemnity against Phibro. VE and IM did not agree to release one another. Rather, VE agreed that if it received any judgment against IM it would not collect that judgment. Thus the court finds that the agreement is a covenant not to execute.

 A covenant not to execute has the same legal effect as a covenant not to sue. *Bumgardner v. Combustion Engineering,* 432 F.Supp. 1289 (D.S.C.1977), *Stephenson v. Duriron Co.,* 292 F.Supp. 66 (S.D.Ohio 1968); *Land v. United States,* 231 F.Supp. 883 (N.D.Okla.1964). *See also O'Donnell v. St. Luke's Episcopal Presbyterian Hospitals,* 800 F.2d 739 (8th Cir.1986). Covenants not to execute and covenants not to sue do not extinguish causes of action. 66 Am.Jur.2d *Release* § 2. Thus, IM's cause of action against Phibro is not extinguished by the VE/IM agreement.

---

**4.** "The Rule 12(b)(6) motion to dismiss for failure to state a claim is a lineal descendent of the common law general demurrer, which put in issue the legal sufficiency of plaintiff's declaration." Wright & Miller, *Federal Practice and Procedure* 587 (1969).

## II. Phibro's Claim for Abuse of Process

VE and IM have moved to dismiss Phibro's claim for malicious abuse of civil process. Both VE and IM erred in not stating their grounds for dismissal. Accordingly, the court will treat their motions under Fed.R.Civ.P. 12(b)(6).[4]

In determining whether to grant a motion to dismiss the pleading is construed in the light most favorable to that pleading. Wright & Miller, *Federal Practice and Procedure* 587 (1969). A claim will not be dismissed unless no set of facts would entitle the claimant to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Following this standard, the court cannot conclude that it should dismiss Phibro's claim.[5]

## CONCLUSION

For the above-stated reasons, the court denies defendant's motion for summary judgment and plaintiffs' motions to dismiss. The court will enter an appropriate Order.

---

**5.** Virginia recognizes a cause of action for abuse of process. *Donohoe Construction v. Mount Vernon Associates,* 235 Va. 531, 369 S.E.2d 857 (1988).